GRANTORS TO THE DIAZ REFINERY
PRP COMMITTEE SITE TRUST, et al.
*v.* RANGER INSURANCE COMPANY, et al.

94-27                                        890 S.W.2d 259

Supreme Court of Arkansas
Opinion delivered January 9, 1995

*Chisenhal, Nestrud & Julian, P.A.*, by: *Charles R. Nestrud, Jim L. Julian*, and *Janie W. McFarlin*, for appellant.

*Wright, Lindsey & Jennings*, by: *M. Samuel Jones III; James E. Baine; Robert M. Lyford; Kathleen D. Gardner; Anderson, Kill, Olick & Oshinsky, P.C.*, by: *Tracy E. Makow; Samuel E. Ledbetter*; and *Gabriel E. Gedvilla*, for amici curiae Murphy Oil USA, Inc.; Arkansas Electric Cooperatives, Inc.; The Arkansas Wildlife Federation; Weyerhaeuser Company; and Arkansas Louisiana Gas, a division of Arkla, Inc.

*Hartzog, Conger, Cason & Hargis*, by: *Kent Frates*, for the receiver.

*Dekovan C. Bowler*, Assistant General Counsel, for the Oklahoma Insurance Department.

PER CURIAM. This is an appeal from a summary judgment holding that comprehensive general insurance policies do not

cover losses resulting from government agency orders requiring the cleaning of land polluted by toxic waste. The appellants, Grantors to the Diaz Refinery PRP Committee Site Trust, et al. (Grantors), are entities which have been made responsible for such losses resulting from operation of Diaz Refinery, Inc. (Diaz), in Jackson County. The Grantors sought to recover from Diaz, and then directly from Diaz's insurers who became the appellees.

The appeal was dismissed on May 23, 1994, as the result of settlements, with respect to all of the appellees except Employers National Insurance Corporation (Employers). On May 31, 1994, we denied a motion to stay the appeal. On October 3, 1994, in the course of denying a motion by Insurance Environmental Litigation Association to file an *amicus curiae* brief on behalf of the position to be espoused by Employers, we noted our awareness that Employers was in a receivership which we erroneously thought to have been imposed by a United States District Court in Oklahoma. We said "No formal action has been taken by the Oklahoma Insurance Commissioner on behalf of Employers National or counsel for Employers National in this court other than to suggest an indefinite stay of the appeal." We noted "the appeal is proceeding until settlement is reached or dismissal is warranted or some other means of disposing of the appeal is proposed."

The Grantors and an *amicus curiae* in favor of the Grantors' position have filed briefs. No brief has been filed by Employers. In preparation for the appeal, we have reexamined the issue, and we now conclude that the appeal should be stayed. The file contains a certified letter, received July 5, 1994, from a receiver appointed by the District Court for Oklahoma County, Oklahoma, enclosing an Order of Liquidation and Permanent Injunction. The order enjoins all parties who have dealt with Employers from further prosecuting any judicial action against Employers or the receiver until further order of the District Court. The receiver asked that we include that document in our file, and we now conclude that filing sufficiently formal.

The briefs filed thus far will be retained. Upon notification that the parties are free to proceed with the appeal and intend to do so, the Clerk will set a schedule for the filing of additional briefs.

GLAZE, J., not participating.